

FORM TO BE USED BY FEDERAL PRISONER IN FILING A PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2241

IN THE UNITED STATES DISTRICT COURT
*NORTHERN DISTRICT OF ILLINOIS*
*EASTERN DIVISION*



RECEIVED
Aug 27, 2008
AUG 27 2008 mB

**LENELL SMITH**
_____
Petitioner

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

*LENELL Smith #02597-424*
*1515 W. MONROE - UNIT II*
*CHICAGO, Ill 60607*
(Full name under which you were convicted;
prison number; and full mailing address.)

Vs.

**BUREAU OF PRISONS,
UNITED STATES OF AMERICA,**
_____
Respondent

## 08CV4900
## JUDGE MANNING
## MAG.JUDGE COX

*B O P*
_____
(Name of Warden or other authorized person
having custody of petitioner.)

PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT OUT.
ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.

1.    This petition concerns: (Check appropriate blank.)

[  ]    a conviction

[**XXX**]    a sentence    (CAUTION:    If you are attacking a sentence imposed under a federal judgment, you must first file a direct motion under 28 U.S.C. § 2255 in the federal court which entered the judgment.)

[**XXX**]    jail or prison conditions

[  ]    prison discipline

[**XXX**]    a parole problem
         other.         State briefly:

    Petitioner's sentence has been miscalculated by the Bureau of Prisons which has caused a direct restraint of his liberty in violation of the 8th Amendment.

2.    Place of detention: _____

_____

3.    Have you filed previous petitions for habeas corpus, motions under 28:2255, or any other applications, petitions or motions with respect to this conviction?

      **XXX**  Yes          _____  No

      If your answer above is "Yes," give the following information:

a.    Name of Court: **UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

b.    Nature of Proceeding: **WRIT OF MANDAMUS**

c.    Grounds raised: **Eighth Amendment violation for unlawful restraint of liberty based upon a miscalculation of Petitioner's sentence by the B.O.P.**

d.    Result: **Court lacke jurisdiction and ordered correction by B.O.P.**

e.    Date of Result: **July 21, 2008**

f.    Citation or number of any written opinion or order entered pursuant to each such disposition:
      **91-CR-821**

4.    If you did not file a motion under Section 2255 of Title 28, U.S.C., or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

      **N/A**

5.    Are you presently represented by counsel?          _____ Yes      **XXX**  No

      If so, name, address and phone number of counsel: **N/A**

      _____

2

6.    Name and location of court which imposed sentence:
**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

7.    Indictment or case number, if known: **91-CR-821; 94-CR-187-15**

8.    Offense or offenses for which sentence was imposed:

**Title 21 U.S.C. § 841 and 21 U.S.C. § 846**

9.    Date upon which sentence was imposed and the terms of the sentence:

**8-26-96    194 months**

10.   When was a finding of guilty made? (Check one.)

☐ After a plea of guilty

**XXX** After a plea of not guilty

☐ After a plea of nolo contendere

11.   If you were found guilty after a plea of not guilty, was that finding made by:

**XXX** A jury

☐ A judge without a jury

12.   Did you appeal from the judgment of conviction or the imposition of sentence?

**XXX** Yes    ☐ No

13.   If you did appeal, give the following information for each appeal:

a.    Name of Court: **U.S. Court of Appeals for the Seventh Circuit**

b.    Result: **Conviction and Sentence Affirmed**

c.    Date of Result: **November 14, 1997**

d.    Citation or number of opinion: **No. 96-3197**

e.    Grounds raised: (List each one.)

**District Court's preponderance standard and finding of 30 kilograms
of heroin as constitutional violation**

3

Note: If you appealed more than once, attach an additional sheet of the same size and give all the information requested above in question No. 13, a through e. Do not write on the reverse of pages.

14.  State CONCISELY every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. If necessary, attach a single page behind this page.

CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

a.  Ground one: <u>**The Bureau of Prisons miscalculated Petitioner's sentences**</u>

<u>**thereby causing him to exceed the judicially imposed sentence.**</u>

Supporting FACTS:   (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state <u>facts</u>, <u>not conclusions</u>, in support of your grounds. A rule of thumb to follow is   who did exactly what to violate your rights at what time or place.)

Please see attached motion, writ of mandamus and Court's Docket Entry. Petitioner was granted Jail Credit starting from the ending of Case No. 91-CR-821 which ended 12-20-1993. The Bureau refused to start the date of 12-20-93 as ordered by the Court and instead started the date from $pril 8, 1994, thereby causing a restraint upon Petititoner's liberty.

b.  Ground two: _____

_____

Supporting FACTS:

c.  Ground three: _____

Supporting FACTS:

15.    RELIEF:        State briefly exactly what you want the court to do for you.  Make no legal
                      arguments.  Cite no cases or statutes.

**Order the Respondent(s) to recalculate Petitioner's sentence based upon the Order of the Court issued in this action and adjust his release dates accordingly. All other rights reserved**

Signed this _____ day of _____, 20_____,
                      Day                        Month                              Year

_____
                                    Signature of Petitioner

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____.
                  (Date)

_____
                                    Signature of Petitioner

5

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 CR 187 -15 | **DATE** | 5/16/2007 |
| **CASE TITLE** | United States vs. Lennel Smith | | |

**DOCKET ENTRY TEXT**

On May 9, 2007, this court received a letter from inmate Lenell Smith dated April 28, 2007. [1077] In his letter, Mr. Smith informs the court that he has not been properly credited for time served, as directed by the court's sentencing order of August 26, 1996. The court hereby requests that the Assistant United States Attorney assigned to this case, along with the Bureau of Prisons, examine the circumstances related to Mr. Smith's request for assistance in this matter.

Notices mailed.

| | Courtroom Deputy Initials: | A.M.M. |
|---|---|---|

Lenell Smith, Reg. No. 02597-424

Attachment to BP-9


This action is brought pursuant to the rights of institutionalized persons act at 42 U.S.C. §1997(e) seeking administrative relief requesting the Warden of Forrest City-Low to investigate my claims of negligence on the part of the Helena A unit Case Manager and Ms. Roberts at the Records Office. I have been purposefully denied my request based upon a discrepency the BOP has made. I was told that my release date would change because of the miscalculation of case no. 91-CR-821 start and ending dates. I was correctly credited the time imposed by the court and Ms. Roberts said that someone had taken it away well after the case had ended. The end of case no. 91-CR-821 which should be around the beginning of 1994 begins the imposition of case no. 94-CR-187-15. As you can see from the answer on the BP-8, that answer has yet to happen when I will be serving an illegal sentence within a month if not already, yet so far my dates are unchanged. Because of the error my projected current release date over one full year, and I therefore request that this facility investigate my dates and upon a proper finding that I am correct in my projections as the Judge has granted, that my dates be adjusted accordingly and my status be upgraded to reflect the change.

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JUNE 11, 2008

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      FORREST CITY FCI

TO  : LENELL SMITH, 02597-424
      FORREST CITY FCI    UNT: HELENA L    QTR: H03-137L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID         : 496264-F1
DATE RECEIVED     : JUNE 5, 2008
RESPONSE DUE      : JUNE 25, 2008
SUBJECT 1         : CREDIT FOR TIME SPENT IN JAIL
SUBJECT 2         : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Smith  Lenell                    02597-424    HELENA-A    F.C.I (LOW)
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

Part A– INMATE REQUEST  The Judge's Response to my motion filed has went
unanswered by the BOP because of a discrepency that has made
me now serve a illegal sentence because of the error I am well
Past my Release date and has asked case manager what seems to
be the reason why I am being denied the correction that has
been credited to me by both Judge's in Case No. 91-CR-821 and
No. 94-CR-187-15.

                                     SEE Attachments

8-3-08                              Lenell Smith
DATE                              SIGNATURE OF REQUESTER

**Part B– RESPONSE**

DATE                                 WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**          CASE NUMBER: _____

                                           CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

Lenell Smith, Reg.No.# 02597-424
Attachment to BP-9


    I am requesting an answer    for the **BP-9** that I sent, which you recieved **June 5, 2008**. And the **response date** was Due **June 25,2008**. It is for my release date which I'am already past that date that the Judge granted by way of  a motion filed by me. I have since filed another motion which the judge stated that I must file a 2241 against  the Warden of this Institution.

    I request that this matter be handled by the Warden accordingly and my status reflect the Jail Credit, the Judge has awarded me from **Case No.# 94 CR 187-15**, which date begins, **12-20-1993 and not beginning, 4-8-1994.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 94 CR 187-15 |
| | ) | |
| LENELL SMITH | ) | Chief Judge Holderman |

## NOTICE OF FILING

TO:   Lenell Smith ✔
      Beckley - FCI
      #02597-424 P.O. Box 350
      Beaver, WV 25813

  PLEASE TAKE NOTICE that on Friday, October 12, 2007, the undersigned filed with the Clerk, U.S. District Court, 219 S. Dearborn, Chicago, IL, the GOVERNMENT'S RESPONSE TO THE COURT'S REQUEST FOR INFORMATION, a copy of which is served upon you herewith.

           Respectfully submitted,

         PATRICK J. FITZGERALD
         United States Attorney

By:  s/Barry A. Miller      
     BARRY A. MILLER
     Assistant United States Attorney
     219 South Dearborn Street, 5th Floor
     Chicago, Illinois  60604
     (312) 886-1325

### Certificate of Service

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing notice only to be filed through the Court's electronic filing system, and to be served upon the above-named party by first class mail, postage prepaid, this 12th day of October, 2007.

         s/Barry A. Miller     
         Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 94 CR 187-15 |
| | ) | |
| LENELL SMITH | ) | Chief Judge Holderman |

### GOVERNMENT'S RESPONSE TO
### THE COURT'S REQUEST FOR INFORMATION

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United

States Attorney for the Northern District of Illinois, respectfully files this Response to the Court's

request for information.

## I. SUMMARY

Defendant Smith wrote the Court saying that he had not been properly given credit for time

served prior to sentencing. The Court asked that this Office and the BOP investigate the circumstan-

ces surrounding the case. The undersigned has gathered the information contained in this response

from the docket, from certain documents recalled from archives, and from a number of communica-

tions with Vincent Shaw, Attorney Advisor at the Bureau of Prisons, MCC, Chicago, and with other

BOP personnel.[1]

After conducting a review of the matter, the BOP has reconsidered Smith's sentencing date,

and has adjusted the length of his sentence. Smith's release date, which was previously set at

November 15, 2009, has now been adjusted to July 28, 2009.

---

[1]    The undersigned did not participate in the trial or sentencing of this matter. The two former
Assistant U.S. Attorneys who participated in case number 94 CR 187-15 do not recall relevant
details of the sentencing hearing.

Mr. Shaw has reviewed this filing and agrees that it is accurate, based on the information
provided by responsible BOP officials.

In its review of this matter, the BOP determined that it could give defendant additional credit for a prior state sentence he was serving at the time he was sentenced in this Court by Judge Williams in the separate case number 91 CR 821. The BOP then gave defendant credit for time served in this case; however, consistent with 18 U.S.C. § 3585, defendant could not begin receiving credit for time served in this case until his sentence was completed in 91 CR 821.

As adjusted, Smith's current July 2009 release date is 21 months away. If Smith believes he is entitled to an even shorter sentence, his legal remedy is through an administrative action filed with the BOP, with subsequent review available in federal court under 28 U.S.C. §2241. *See, e.g., United States v. Wilson*, 503 U.S. 329 (1992). If Smith files such an administrative proceeding, it will be considered by the BOP.

## II.  STATUTORY BACKGROUND.

Sections 3584 and 3585 of Title 18, United States Code, provide the governing law.

A.    Sentences Run Consecutively Unless They Are Designated as Concurrent.

18 U.S.C. § 3584 provides that multiple terms of imprisonment may be either consecutive or concurrent. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).

B.    A Sentence Begins No Earlier than the Date of Sentencing.

18 U.S.C. §3585(a) provides that a sentence begins at the earliest of the date the defendant is in custody awaiting transportation, or arrives to commence serving his sentence.

C.    A Defendant Can Receive Credit for Time Served, but Only as Against One Sentence.

Section 3585(b) authorizes credit for time served, but limits such a credit to only one sentence of imprisonment:

**(b)    Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

**(1)**    as a result of the offense for which the sentence was imposed; or

**(2)**    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*  [Emphasis added.]

### III.  FACTUAL BACKGROUND

A.    The Charges.

Smith was charged in three separate cases for conduct in 1991:

- In 91 CR 821, Smith was charged before Judge Williams with unlawful possession of a firearm, for pointing a gun at his wife in April 1991 (when he was already a convicted felon).

- On October 18, 1991, Smith was arrested by state authorities for delivery of a controlled substance, and charged in 91CR-26012 in the Circuit Court of Cook County for that offense.

- In this case, 94 CR 187, Smith was charged with a narcotics conspiracy that began in 1984 and ended with his arrest in October 1991.

B.    The Dispositions and Original Sentences.

Smith was convicted in each of the three cases and sentenced.

- In the case before Judge Williams, the docket reflects that Judge Williams sentenced Smith on December 4, 1992, to thirty months imprisonment.  The docket entry for the Judgment says: "IT IS FURTHER ORDERED that defendant is given credit for time served since 10/18/91." (Elec.Dkt. #87) *SAME AS STATE time begun*

-3-

- On January 21, 1994, Smith was sentenced in Cook County, Illinois, in Case Number 91CR-26012, to a 60-month state term of imprisonment for delivery of a controlled substance.[2] According to the BOP, the state sentencing court ordered that Smith receive credit toward the sentence from October 7, 1991, to January 21, 1994.[3]

- In this case, Smith was convicted of possession with intent to distribute cocaine, cocaine base, and heroin. The Judgment (Dkt #948) provided that Smith received a 194-month sentence on August 26, 1996. This sentence was a departure from the guideline range because of the defendant's substantial assistance to the government. The judgment also stated that "Defendant shall receive credit for time served."[4] The docket does not reflect that a transcript was prepared for Smith's sentencing hearing.[5]

C.    Additional Proceedings Before Judge Williams.

       In 1997 and 1998, there appear to have been additional proceedings before Judge Williams. After a series of status hearings, the docket reflects the following:

---

[2]    The conduct for which Smith was sentenced was part of the narcotics conspiracy as to which he was sentenced in the instant case. Accordingly, the PSI in this case reflects that no criminal history points were assigned to the state sentence in the Guidelines calculation, because the conduct overlapped.

[3]    The undersigned does not have information to explain why the state arrest is listed in BOP records as October 18, 1991, and the state court credit began October 7, 1991. The difference is not material, since the entire period was credited to defendant's state sentence.

[4]    Smith subsequently filed a post-judgment letter and motions, seeking reduction of monthly fine payments (Docket No. 981), production of transcripts (Dkt #1004) and to proceed *in forma pauperis* (Dkt #1005). These requests were denied. (Dkt #982, 1006) Smith has not filed a § 2255 petition in this District.

[5]    The undersigned was advised that the court reporter assigned to this Court in 1996 retired, and that court reporters in this District usually keep their records only for a period of ten years. It is possible the Clerk's Office could have the raw stenographic notes of the proceeding at an offsite storage facility.

-4-

MINUTE ORDER of 9/18/98 by Hon. Ann C. Williams as to Lenell Smith: In sentencing the defendant it was the court's intention that he be given credit on his federal sentence for any time served while in state custody. Accordingly the court orders that defendant's sentence be calculated so that it commences immediately and runs concurrently with any time served in state custody. The court recommends that credit be given from 10/18/91 through the date of sentencing. Letter to be sent defendant regarding calculation of time served in custody as stated in open court. Mailed notice (emd) (Entered: 09/22/1998)

(Elec.Dkt. #110)

D.   BOP Sentencing Calculation Prior to this Inquiry.

BOP's sentencing calculations were based in part on the sequence of Smith's time in custody.

1.   The sequence of custody.

Smith was in state custody from the time of his arrest on October 18, 1991, until November 26, 1991 when he was temporarily transferred to federal custody pursuant to a federal writ. Smith was returned to state custody on January 28, 1993. On April 7, 1994, Smith was paroled from the state sentence and was released to federal authorities. On October 21, 1996, Smith was committed to the Beckley Federal Correctional Institution in Beaver West Virginia, for the continued service of his federal sentences.

*[Handwritten margin note: Need This credit That I was in Federal custody]*

2.   BOP's sentencing calculation prior to this inquiry.

Prior to this inquiry, BOP calculated Smith's sentences as follows:

- The BOP calculated a 30-month federal term commencing on April 7, 1994 (the date exclusive federal custody was established). *[Handwritten: WRONG]*

- In calculating the start date of the federal sentence, the BOP honored the state court sentencing order, which credited Smith with time served from the date of his October 1991. Accordingly, the BOP considered Smith's federal sentence as beginning only on his parole from state custody on April 7, 1994.

-5-

- Even though Smith had received credit toward his state sentence for the time he spent in pre-sentence custody from October 18, 1991, to December 3, 1992 (the date prior to Judge Williams sentence), the BOP also applied this period of time toward Smith's 30-month federal sentence. Based on this calculation, the 30-month term was satisfied on April 25, 1995.

- The BOP calculated the 194-month sentence for this case as beginning on the date of sentencing, August 26, 1996, with credit for time served from April 25, 1995, to August 25, 1996.

  Under this calculation, Smith's projected release date (with good time credit) was November 15, 2009.

E.    Revised BOP Calculation.

Following Smith's inquiry to the Court and the Court's direction to this Office and the BOP, the BOP has reconsidered the circumstances surrounding this matter. The BOP now calculates defendant's sentence as follows:

- The BOP designated, *nunc pro tunc*, the Illinois Department of Corrections for service of Smith's 30-month federal term, thereby commencing Smith's 30-month sentence on December 4, 1992, the date of imposition.[6] Effectively, BOP has run Smith's first federal sentence concurrent with his state sentence.

---

[6]    *See* Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence.

-6-

- The BOP denied credit for the period of time from Smith's arrest on October 18, 1991, to December 3, 1992, because that time was credited to Smith's state sentence. Under 18 U.S.C. §3585(b), that time could not also be credited to a both sentences.[2]

- Construing Smith's 30-month term as beginning on December 4, 1992, BOP now considers that sentence to have ended on February 6, 1995 (including a reduction for good time).

- The BOP has given Smith credit for time served from the date of the completion of his prior sentences to the date of sentencing in this matter (the period from February 7, 1995, to August 25, 1996). Based on this calculation, Smith is currently scheduled to be released from Bureau of Prisons custody (assuming continued good conduct time) on July 28, 2009.

## IV. SMITH IS ENTITLED TO SEEK ADDITIONAL RELIEF FROM THE BOP.

If defendant Smith believes he is entitled to seek additional relief, he may seek it from the BOP.

### A. The BOP Has Authority to Calculate Time Served.

It is the BOP's responsibility, acting for the Attorney General, to calculate time served. In *United States v. Wilson*, 503 U.S. 329 (1992), the Supreme Court decided that under § 3585(b) credit must be determined in the first instance by the Attorney General, acting through the BOP. *Id.* at 333-37. The Court noted that the BOP has detailed procedures for computing credit, that federal regulations provide for administrative review of any decision, and that judicial review is available to defendants after exhaustion of administrative remedies. *Id.* at 335-36. Accordingly, it is for the BOP to determine in the first instance the credit owed to Smith for time served.

---

[2]      *See also* Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>.

B.    <u>BOP Regulations Provide a Procedure for Contesting Determinations under § 3585.</u>

BOP regulations provide administrative procedures for inmates to challenge the BOP's

calculation of time served. *See* 28 C.F.R. ¶¶542.10 thru 542.16. In particular, ¶542.10(a) states that

this procedure "is to allow an inmate to seek formal review of an issue related to any aspect of

his/her own confinement." *See Wilson*, 503 U.S. at 335.

C.    Judicial Review Is Available Following the BOP's Decision,
      <u>but Defendant Must First Exhaust His Administrative Remedies.</u>

Judicial review is available to defendants *after* the BOP reviews a computation decision.

"Prisoners have been able to seek judicial review of these computations after exhausting their

administrative remedies." 503 U.S. at 335.

The Seventh Circuit has described 28 U.S.C. § 2241 as the proper judicial remedy after a

defendant exhausts his administrative remedies in a dispute over computation of time. *See Jake v.*

*Herschberger*, 173 F.3d 1059, 1063 (7th Cir. 1999). *See also United States v. McKnight*, No. 04 CR

682, 2006 WL 3230038 (N.D. Ill. Nov. 3, 2006)(Guzman, J.)(review of sentencing credit decision

limited to § 2241 after exhaustion of remedies; Rule 36 inapplicable)(copy attached hereto as Exhibit

1).[8] Smith will therefore be able to apply to the appropriate federal court for relief should he not

agree with the decision of the BOP.

---

[8]    *Accord, Bintzler v. Gonzales*, No. 06-2789, 2007 WL 1804400 (7th Cir. June 21, 2007)(un-
published order)(copy attached hereto as Exhibit 2); *Grigsby v. Bledsoe*, 223 Fed. Appx. 486, 2007
WL 445625 (7th Cir. Feb. 8, 2007)(unpublished order)(copy attached hereto as Exhibit 3); *United*
*States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992). Administrative Procedure Act review may
also be available. *See Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).

## CONCLUSION

The government has adjusted Smith's release date following a review of the circumstances surrounding his sentences. Should Smith believe he is entitled to further relief, he should use the administrative remedy available from the BOP.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

s/Barry A. Miller

By:    BARRY A. MILLER
Assistant United States Attorney
219 S. Dearborn St., 5th Floor
Chicago, Illinois 60604
(312) 886-1325

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LENELL SMITH,
    Petitioner,

v.                        Case No. 91-CR-821

UNITED STATES OF AMERICA,
    Respondent(s).

### PETITION FOR MINUTE ORDER AND CLARIFICATION
### IN THE MATTER OF PRETRIAL DETENTION CREDIT

COMES NOW Lenell Smith, herein petitioner, pro se, and hereby petitions this Honorable Court for the minute order in the above referenced case which seeks clarification in the matter of being awarded pretrial detention credit for time spent in jail prior to service of his federal sentence. In support of his petition, the petitioner states as follows;

### PROCEDURAL HISTORY

Petitioner is a pro se federal prisoner housed at the Forrest City-Low Federal Correctional Institution Arkansas. Petitioner is being restrained of his liberty based upon a miscalculation of his release date by the Bureau of Prisons who did not award pretrial detention credit based upon time spent in custody in connection with his present offense only.

### CLAIMS FOR RELIEF

1. As to petitioner's request, he is not asking the Court to rule on the sentence imposed in the matter. Petitioner is making a request to the Court to clarify its sentencing order in case no. 91-CR-821, so that the BOP can calculate his sentence correctly in regards to a court imposed sentence under a different case number,

to wit; 94-CR-187-15.

2.    Although petitioner has not filed a formal request with the BOP
to exhaust administrative remedies, he has sought relief from his
Unit Team on numerous occasions to resolve the discrepency. At
present, petitioner is serving a sentence that exceeds the time
ordered by the Court in this case. The BOP removed the Court's
Order of jail credit for time served in pretrial detention, and the
order to run the federal time concurrent with the state imposed
sentence, denying jail credit since 10-18-1991. The BOP made a
legal determination that the credit sould not be awarded and
removed the credit from his release calculation.

3. As petitioner states, BOP records office employee Roberts
believes that there is no way for her to correctly calculate the
time without the minute Order from the Court. According to her, the
Order must be signed by the U.S. Attorney before they will perform
the task of correcting the sentence claculation.

## RELIEF REQUESTED

5. Petitioner believes that he is entitled to the following relief;

    a) Because the BOP has petitioner's release date calculated
with a start date of 12-04-1992, with no credit awarded for
pretrial detention, petitioner requests the Court to Order the
Clerk of the Court to issue a Certified copy of the Minute Order
establishing the terms of the sentence imposed by the Court;

    b) That the Court establish to the satisfaction of the BOP the
fact that petitioner's sentence began 10-18-1991 and not as the BOP
incorrectly believes the start date of 12-04-1994 in case no. 91-
CR-821 and further miscalculated the date as 02-06-1995. There is
no possible way for a 30 month sentence to start on 10-18-1991 and

terminate on 02-06-1995;

   c) Because of the miscalculation of petitioner's release date, he is being restrained of his liberty and would be severely prejudiced as a result thereof, and hereby respectfully moves this Court to grant the relief requested herein.

   **WHEREFORE**, based upon the following reasons, petitioner requests the Court to clarify its sentencing in case no. 91-CR-821 for the just purpose of relieving petitioner of the unlawful restraint of his liberty.
Be it so moved and prayed.

                          Respectfully Submitted

                          LENELL SMITH, Pro Se
                          U.S.M.# 02597-424

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,  )
                           )
            Plaintiff,     )
                           )
      v.                   )    No.  91 CR 821
                           )
LENELL SMITH,              )
                           )
            Defendant.     )

## MEMORANDUM ORDER

Just two weeks ago this District Court received from petitioner Lenell Smith ("Smith") a pro se document captioned "Petition for Minute Order and Clarification in the Matter of Pretrial Detention Credit." Because Smith had been tried and convicted before, and then sentenced by, this Court's former colleague Honorable Ann Williams, and because Judge Williams has since been elevated to the Court of Appeals, the current Petition was assigned at random to this Court's calendar. It immediately requested retrieval of the underlying criminal case record from storage, and that file (or at least the portion of it that had been before the Court of Appeals on Smith's appeal, plus a document that is directly responsive to Smith's current Petition), has now been delivered to this Court's chambers.

In brief Smith complains that the Bureau of Prisons has miscalculated his release date because it has failed to award the proper credit for time served in custody before he was sentenced. On that score the attached memorandum order (Dkt. No. 110), which

was entered by Judge Williams on September 18, 1998, squarely confirms Smith's contention that Judge Williams had intended that he receive credit against his 30-month custodial sentence for time served from October 18, 1991, not from the later date selected by Bureau of Prisons personnel. And as for the statement that Smith's Petition ascribes to a Bureau office employee, requiring that the minute order "must be signed by the U.S. Attorney," that is flat-out wrong--it is of course for the court, and not for the prosecutor, to confirm what the court itself has done.

Two signed counterparts of this memorandum are being transmitted to Smith for his use. If the Bureau of Prisons does not cure its error swiftly, this Court expects to hear further from Smith at an early date.[1]

Milton I. Shadur
Senior United States District Judge

Date:  May 29, 2008

---

[1]  Although (as stated in the preceding paragraph of the text) the United States Attorney's office plays no role in confirming the accuracy of judicial rulings, this Court has also referred the matter to the United States Attorney's office with a directive to follow up on Smith's request as an administrative matter.

2

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ann C. Williams | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 91 CR 821 | **DATE** | 9/18/98 |
| **CASE TITLE** | | USA vs. LENELL SMITH | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)　☐　Filed motion of [ use listing in "Motion" box above.]

(2)　☐　Brief in support of motion due ____.

(3)　☐　Answer brief to motion due ____. Reply to answer brief due ____.

(4)　☐　Ruling/Hearing on ____ set for ____ at ____.

(5)　■　Status hearing held.

(6)　☐　Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.

(7)　☐　Trial[set for/re-set for] on ____ at ____.

(8)　☐　[Bench/Jury trial] [Hearing] held/continued to ____ at ____.

(9)　☐　This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
　　　　☐ FRCP4(m)　☐ General Rule 21　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).

(10)　■　[Other docket entry]　In sentencing the defendant it was the court's intention that he be given credit on his federal sentence for anytime served while in state custody. Accordingly the court orders that defendant's sentenced be calculated so that it commences immediately and runs concurrently with anytime served in state custody. The court recommends that credit be given from 10/18/91 through the date of sentencing. Letter to be sent defendant regarding calculation of time served in custody as stated in open court.

(11)　☐　[For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | *3+1* | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 2 1998 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | *110* |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | SEP 2 2 1998 | |
| | DL　courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 91 CR 821 | **DATE** | 5/29/2008 |
| **CASE TITLE** | USA vs. Lenell Smith | | |

**DOCKET ENTRY TEXT**

Enter Memorandum Order. And as for the statement that Smith's Petition ascribes to a Bureau office employee, requiring that the minute order "must be signed by the U.S. Attorney," that is flat-out wrong - - it is of course for the court, and not for the prosecutor, to confirm what the court itself has done. If the Bureau of Prisons does not cure its error swiftly, this Court expects to hear further from Smith at an early date. Smtih's motion for clarification is granted. (113-1)

■ [ For further detail see separate order(s).]

Docketing to mail notices.

| | Courtroom Deputy Initials: | SN |
|---|---|---|

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LENELL SMITH,
    Petitioner,

v.                           Case No. 91-CR-821
                              Case No. 94-CR-187-15

UNITED STATES OF AMERICA,
    Respondent(s).

## PETITION FOR WRIT OF MANDAMUS

COMES NOW, Lenell Smith, herein petitioner, pro se, and hereby respectfully petitions this Honorable Court to issue an Order to the Respondent(s), d/b/a Federal Bureau of Prisons to correct its error as far as petitioner's jail time credits. This Court directed the petitioner to inform the Court if there were any deviations from its last order. The Respondent(s) have failed to comply with the Courts directive by continuing to make miscalculations in the amount of jail time petitioner should be entitled to.

Petitioner is being restrained of his liberty whereby the release date that has been updated fails to reflect the full amount of time credit and his release dates adjusted accordingly. Petitioner states that the present case was ordered to begin at the conclusion of Case no. 91-CR-821 as ordered by the sentencing court on August 26, 1996.

It was petitioner's understanding, and the record of the case reflects that the court granted petitioner his time in Case No. 94-CR-187-15 to begin at the end of Case No. 91-CR-821, which is December 20, 1993, and not as the B.O.P. has calculated it as being April 8, 1994.

The B.O.P. officials have assumed to presume what the
sentencing court meant by informing petitioner that his time has
been adjusted to begin after his state sentence instead of his
federal sentence as ordered by the court. The officials here have
made a finding that the sentencing court meant for petitioner's
current federal sentence to begin after the state sentence ended.

Petitioner has been in continuous custody since his initial
arrest, and the sentencing court mandated that the current sentence
would begin at the expriation of the previous federal sentence. The
court had no control of the state sentence, and therefore used its
judicial discretion to order consecutive terms which involved only
the federal sentences. It is therefore petitioner's contention that
at present, he is over one month past the legal limit on the amount
of time he was required to serve on the two federal sentences.

It is therefore petitioner's request for this Court to grant
him the right under the All Writs Act and order the B.O.P. to make
the right calculations in his release dates and issue a writ of
habeas corpus pursuant to Title 28 U.S.C. § 2241 compelling the
Respondent(s) to grant petitioner an immediate release.

**WHEREFORE,** petitioner prays the Court will grant his request
for relief under the All Writs Act for Mandamus and Habeas Corpus
relief and all other relief it deems just and equitable in these
premises.

*SEE Attachment:*

Respectfully Submitted

Lenell Smith, pro se

```
   FOREF  540*23 *              SENTENCE MONITORING         *      06-06-2008
PAGE 002 OF 002 *              COMPUTATION DATA            *      07:18:01
                              AS OF 06-06-2008

REGNO..: 02597-424 NAME: SMITH, LENELL


-----------------------CURRENT COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 06-04-2008 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 06-04-2008 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN..........: 08-26-1996
TOTAL TERM IN EFFECT............: 194 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    16 YEARS       2 MONTHS
EARLIEST DATE OF OFFENSE........: 10-18-1991

JAIL CREDIT.....................:      FROM DATE      THRU DATE
                                     04-08-1994     08-25-1996

TOTAL PRIOR CREDIT TIME.........: 871
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 610
TOTAL GCT EARNED................: 584
STATUTORY RELEASE DATE PROJECTED: 10-05-2008
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 06-07-2010


PROJECTED SATISFACTION DATE.....: 10-05-2008
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 06/04/08 COMP UPDATED TO CORRECT JAIL CREDIT. SUBJECT PAROLED
                FROM STATE SENTENCE ON 04-07-1994, JC WILL BEGIN 04-08-1994.
                FINAL RELEASE AUDIT COMPLETED BY DSCC.
```

12-00-93 — Completed
12-22-93

```
G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

Order Form (01/2005)



## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 91 CR 821 | **DATE** | 7/21/2008 |
| **CASE TITLE** | USA vs. LENELL SMITH | | |

#### DOCKET ENTRY TEXT

Based on the United States' just-received response, the pro se Petition filed by Lenell Smith must be treated as having invoked 28 U.S.C. § 2241 rather than this Court's mandamus powers (as Chief Judge Holderman has already ruled in Case No. 94 CR 187, Dkt. 1088). As such, the Petition must be and is dismissed as brought in the wrong forum (Rumsfeld v. Padilla, 542 U.S. 426(2004). – and relatedly, the respondent must be the warden of the facility where Smith is in custody (Kholavskiy v. Achim, 443 F.3d 946, 948-49 & n.2(7th Cir. 2006)).

Docketing to mail notices.

| | Courtroom Deputy Initials: | SN |
|---|---|---|

U.S. DISTRICT COURT
CLERK

2008 JUL 22  AM 7: 53

FILED-REC'